IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-12-297-R |
| | ) | CIV-16-987-R |
| EDGARDO JOSUE AGUILAR, | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Petitioner's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 983]. The Government has responded. [Doc. 1000]. For the reasons that follow, Petitioner's Motion is DENIED.

### I

In March of 2013, a grand jury sitting in the Western District of Oklahoma charged Petitioner Edgardo Aguilar in a superseding indictment with (1) conspiracy to possess with intent to distribute and to distribute methamphetamine under 21 U.S.C. § 846; (2) possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1); and (3) the use of a communication facility to facilitate the acquisition and distribution of methamphetamine under 21 U.S.C. § 843(b). After standing trial alongside three other co-defendants from the Zamarripa drug-trafficking organization, Petitioner was convicted on all counts and sentenced to 188 months' imprisonment. [Docs. 532, 723].

Mr. Aguilar raised three issues on appeal: (1) the jury had convicted him with insufficient evidence; (2) the Government's questions about a co-defendant's silence

violated his due process rights; and (3) the cumulative effect of these errors at his trial warranted reversal. Rejecting his arguments, the Tenth Circuit affirmed. *United States v. Aguilar*, 609 Fed. Appx. 960 (10th Cir. 2015). [Docs. 865, 871]. This Court later reduced Petitioner's sentence to 151 months upon his motion under 18 U.S.C. § 3582. Petitioner now seeks relief under 28 U.S.C. § 2255, asking this Court to set an evidentiary hearing so that Petitioner can establish his counsel's ineffective assistance during plea negotiations and at sentencing.

## II

**A. Ineffective Assistance of Counsel During Plea Negotiations**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Any successful claim of ineffective assistance of counsel must satisfy the two-pronged test laid out in *Strickland v. Washington*, 466 U.S. 668, 697 (1984). First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness." *Id.* at 688. This requires overcoming the strong presumption that counsel's performance fell within the broad range of reasonable professional conduct. *Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999). Second, the defendant must show that his counsel's deficient performance actually prejudiced his defense. In other words, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Conclusory allegations or vague descriptions of the alleged deficient performance will not suffice. *United States v. Fisher*, 38 F.3d 1144, 1146–1147 (10th Cir.

1994). And failure to demonstrate either prong is fatal to a petitioner's claim for ineffective assistance of counsel. *Smith v. Robbins,* 528 U.S. 259, 286 n. 14 (2000).

In his first argument for habeas relief, Mr. Aguilar argues that Counsel failed to inform him of the advantages and disadvantage of the Government's plea deal on the eve of trial, resulting in Mr. Aguilar rejecting the deal and receiving a heightened sentence. "As a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 133, 145, 132 S. Ct. 1399 (2012). Further, counsel has a "critical obligation . . . to advise the client of 'the advantages and disadvantages of a plea agreement.' " *Padilla v. Kentucky*, 559 U.S. 356, 370, 130 S.Ct. 1473, 1484 (2010). Petitioner claims that counsel never provided him with details of the government's last minute offer, never explained how evidence at trial could affect his sentencing under the United States Sentencing Guidelines, and never informed him of the advantages of a plea bargain. As proof, Mr. Aguilar attaches a letter from his counsel sent to him in prison in May 2016—nearly three years after his jury trial—explaining that, to the best he could recall, the Government's final proposed plea deal offered what would have likely amounted to a five-year prison term; that the offer was never reduced to writing; that Counsel informed the Court before trial that Mr. Aguilar had rejected the deal; and that Counsel could not recall if he gave Mr. Aguilar any details about the last plea deal. [Doc. 987, at 17].

The record and evidence largely bear this out. For one, the Court asked each defendant before trial whether the Government had offered a plea deal to each defendant.

Mr. Aguilar made no objection when Counsel explained to the Court that Mr. Aguilar had been offered a plea deal, which he refused despite counsel having explained the advantages of it. [Trans. Of Voir Dire, at 3–4]. The Government also provides an affidavit from Mr. Aguilar's trial counsel explaining that he met with Mr. Aguilar several times before trial to discuss the advantages and disadvantages of the plea deal and that he, along with Mr. Aguilar's wife, wanted Mr. Aguilar to accept the plea deal in which he would receive an approximately seven-year sentence with the potential for release after five years. [Doc. 1000, Ex. 1, at 1–2]. Mr. Aguilar refused the deal, asserted his innocence, and asked counsel why he should plead guilty when he did nothing wrong. [*Id*.].

"[W]hen a defendant's claim is that counsel's deficient performance caused him to reject a plea offer and proceed to trial, he must show that 'there is a reasonable probability that . . . defendant would have accepted the plea deal.'" *United States v. Watson*, 766 F.3d 1219, 1226 (10th Cir. 2014) (citing *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012)). This Mr. Aguilar cannot do. "A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." *Sparks v. United States*, 2016 WL 4273192, at *4 (D. Kan. Aug. 15, 2016) (citing *Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003)). Even if there was a last-second informal plea deal that counsel failed to convey, the evidence shows that Mr. Aguilar had already rejected a similar plea deal and was intent on proceeding to trial. Mr. Aguilar thus "cannot demonstrate prejudice because he does not point to any evidence that he would have accepted a plea offer had Mr. Wallace discussed

it with him." *Watson*, 766 F.3d at 1226. In fact, "the most that can be said with respect to prejudice is that Mr. [Aguilar] asserts he was prejudiced; his mere self-serving statement, which does no more than open the door to conjecture, is not enough." *Id*.

## B. Ineffective Assistance of Counsel at Sentencing

Mr. Aguilar's second argued ground for relief fares no better than his first. Mr. Aguilar believes he is entitled to a reduction in his sentence under Amendment 794 to the United States Sentencing Guidelines, which lists factors a sentencing court should consider in deciding to reduce a sentence for a defendant's minor role in the offense. Mr. Aguilar contends that his counsel's failure to move the Court for a downward departure based on Amendment 794 constituted ineffective assistance of counsel.

Amendment 794 took effect on November 1, 2015—nearly two years after Defendant received his sentence on November 5, 2013. Even if it were retroactively applicable,[1] however, relief on this ground would still be inappropriate because Mr. Aguilar did not raise the issue of a mitigating-role on direct appeal. Granted, Amendment 794 was not in effect yet. Yet Mr. Aguilar could have still argued at sentencing that he was entitled to a decrease in his offense level under U.S.S.G. § 3B1.2. Amendment 794 simply revised the commentary to § 3B1.2 by "introduc[ing] a list of non-exhaustive factors that a sentencing court should consider in determining" whether defendant should receive this mitigating-role adjustment. *United States v. Gomez-Valle*, 828 F.3d 324, 329 n. 23 (5th Cir.

---

[1] Amendment 794, however, is not retroactively applicable. The United States Sentencing Commission may of course specify if certain amendment apply retroactively to cases on collateral review. See USSG § 1B1.10(d)(2015) (listing retroactive guideline amendments). Amendment 794, though, is not listed in § 1B1.10(d) as a retroactively applicable amendment.

5

2016). Mr. Aguilar, though, never argued on appeal that he was entitled to any offense-level decrease. "Failure to present an issue on direct appeal bars a defendant from raising it in a § 2255 motion 'unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.'" *United States v. Bolden*, 472 F.3d 750, 751–52 (10th Cir. 2006). Because Petitioner has not made this showing, he is not entitled to relief.

Finding appropriate neither of Petitioner's offered grounds for relief, the Court declines to hold an evidentiary hearing. "In response to a § 2255 motion, the district court must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). Both Mr. Aguilar's Motion and the record show that he is not entitled to relief. His motion is thus denied without a hearing.

### III

Further, the Court denies Mr. Aguilar a Certificate of Appealability (COA) under Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts. Given Mr. Aguilar's inability to show counsel's performance in any way prejudiced him, the Court denies Mr. Aguilar's petition on the merits. When a court denies a habeas petition on the merits, a petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029 (2003). Because Mr.

Aguilar has not made this showing, he is not entitled to a COA. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22 if he wishes to appeal the Court's ruling on his motion.

In conclusion, Mr. Aguilar's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it lacks merit.

IT IS SO ORDERED this 10th day of April 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE